[15 NYS3d 688]

In the Matter of DONALD B. ROSENBERG (Admitted as DONALD BERTRAM ROSENBERG), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 30, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Donald B. Rosenberg was admitted to the practice of law in the State of New York by the First Judicial Department on June 23, 1959 under the name Donald Bertram Rosenberg. At all times relevant to these proceedings, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order disbarring respondent, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (g), because he has been suspended under 22 NYCRR 603.4 (e) (1) (i) and (iii), and has not appeared or applied to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension, which was April 1, 2014. We suspended respondent from the practice of law for his failure to cooperate with the Committee's investigation into five complaints of professional misconduct and based upon uncontested evidence of such misconduct (*see Matter of Rosenberg*, 117 AD3d 47 [2014]).

Respondent initially answered the complaints and submitted bank records for his escrow account for each client. These records revealed that respondent used each client's settlement funds for his own personal use without permission to do so. Subsequently, respondent failed to comply with a subpoena duces tecum directing him to appear for a deposition, and failed to respond to additional notices.

The Committee served respondent with the instant motion by first-class and certified mail, return receipt requested, to an updated address he provided, yet he has not submitted a response. Because more than six months have elapsed since this Court's April 1, 2014 order of suspension, and respondent has not sought a hearing or reinstatement, disbarment is warranted (*see Matter of Bruzdziak*, 111 AD3d 118 [1st Dept 2013]; *Matter of Way*, 109 AD3d 148 [1st Dept 2013]).

Accordingly, the Committee's motion to disbar respondent pursuant to 22 NYCRR 603.4 (g) should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

MAZZARELLI, J.P., ACOSTA, RENWICK, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.